J. S54040/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY WILLIAM OTERO, | : | |
| | : | |
| Appellant | : | No. 775 EDA 2015 |

Appeal from the PCRA Order February 24, 2015
In the Court of Common Pleas of Northampton County
Criminal Division No(s).: CP-48-CR-0002665-2011
CP-48-CR-0003862-2011

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED OCTOBER 27, 2015**

Appellant, Anthony William Otero, takes this counseled appeal from the order entered in the Northampton County Court of Common Pleas denying his second Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant avers his mandatory minimum sentence under 18 Pa.C.S. § 7508(a)(7)(ii),[2] pertaining to the weight of heroin involved, is unconstitutional under **Alleyne v. U.S.**, 133 S. Ct. 2151 (2013). We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] As we discuss **infra**, in **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014), *appeal denied*, 613 EAL 2014 (Pa. Aug. 15, 2015), this Court recently held Section 7508 in its entirety is facially unconstitutional.

The PCRA court summarized the relevant procedural history as follows. On January 10, 2012, Appellant entered guilty pleas under two docket numbers to aggravated assault and three counts of possession with intent to deliver a controlled substance[3] ("PWID"). The court imposed sentence, but subsequently, on April 27, 2012, granted Appellant's motion to reconsider and imposed an aggregate sentence of six years and seven months to thirteen years and two months' imprisonment. This sentence included a mandatory sentence of three to six years' imprisonment under 18 Pa.C.S. § 7508(a)(7)(ii) due to the weight of heroin in one of the PWID counts.

Appellant did not take a direct appeal, but filed a timely *pro se* first PCRA petition on September 19, 2012. Appointed counsel filed a **Turner-Finley**[4] "no-merit" letter and was granted leave to withdraw, and the court dismissed the PCRA petition. No appeal was taken.

Appellant filed the instant *pro se* PCRA petition, his second, on July 2, 2014. Appointed counsel filed a "no-merit" letter, and in response Appellant privately retained current counsel. The PCRA court allowed appointed counsel to withdraw. Current counsel filed an amended PCRA petition on January 12, 2015, arguing Appellant's sentence is illegal because Section 7508(a)(7)(ii) has been deemed unconstitutional. On January 28th, the

---

[3] 18 Pa.C.S. § 2702(a)(1); 35 P.S. § 780-113(a)(30).

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing, reasoning the petition was untimely filed. Appellant filed a reply, but the court dismissed the PCRA petition on February 24th. This timely appeal followed.[5]

On appeal, Appellant avers the PCRA court erred in finding it lacked jurisdiction to hear his petition. He maintains that in *Fennell*, this Court held Section 7508 was facially unconstitutional in its entirety. With respect to the timeliness of his petition, Appellant contends "*Alleyne* implicates due process and the presumption of innocence[ and] thus must be applied retroactively to this case on collateral review." Appellant's Brief at 17. He claims "*Alleyne* was not added to the [prison] law library computers . . . until May 19, 2014," and he filed the *pro se* PCRA petition within sixty days of that date.[6] *Id.* at 21. Appellant further alleges the court erred in denying his "request for an evidentiary hearing to establish his compliance with § 9545(b)(2)" of the PCRA. *Id.* at 20. Finally, he asserts "[t]he PCRA court committed reversible error by applying harmless error analysis to . . .

---

[5] Appellant complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court's Rule 1925(a) statement referred to the reasoning set forth in its lengthy Rule 907 notice.

[6] In a footnote, however, Appellant concedes the "60-day period for invocation of after-recognized constitutional right exception began to run on the date of the underlying judicial decision[, not] the date the decision became available . . . through the prison library." Appellant's Brief at 21 n.6.

Appellant's facially illegal sentence." *Id.* at 15. We find no relief is due.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "[A] PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion." *Id.*

"[W]e must first consider the timeliness of [a] PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. . . . [W]hen 'a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition.'" *Id.* (citations omitted).

As stated above, the PCRA court found Appellant's instant petition was untimely filed. Appellant was sentenced, after the trial court granted reconsideration, on April 27, 2012. He then had thirty days, or until May 29, 2012, to file a notice of appeal.[7] *See* Pa.R.A.P. 903(a). He did not take an appeal, and thus his judgment of sentence became final on that day. Appellant then generally had one year, or until May 29, 2013, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). The instant petition was filed more than one year thereafter, on July 2, 2014. As stated above, Appellant

---

[7] The thirtieth day after April 27, 2012, was Sunday, May 27th. The following day, the 28th, was Memorial Day and a court holiday. The "thirty-day" deadline thus fell on Tuesday, May 29th. *See* 1 Pa.C.S. § 1908.

asserts the petition is nevertheless timely under the "newly recognized constitutional right" exception under Section 9545(b)(1)(iii).

We note that neither the PCRA court's 907 notice or Appellant's appellate brief addresses this Court's decision in *Miller*, which was issued on September 26, 2014.[8] The *Miller* Court held that for PCRA purposes, *Alleyne* did not announce a new constitutional right, and that "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Miller*, 102 A.3d at 994-95. Thus, the Court held, the defendant could not "satisfy the new constitutional right exception to the [PCRA] time-bar." *Id.* at 995.

Pursuant to *Miller*, we agree with the PCRA court that the instant PCRA petition was untimely. It was filed beyond the one-year general deadline and Appellant cannot rely on *Alleyne* or its progeny to invoke the timeliness exception at Section 9545(b)(2). We find no abuse of discretion in the court's declining to hold an evidentiary hearing and in dismissing Appellant's petition. *See id.* at 994-95.

Order affirmed.

---

[8] *Miller* was decided before current counsel entered his appearance in this case.

J.S54040/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2015